### 2754.. COLE *v.* JONES *et al.*

There being no evidence that the defendant had placed any obstruction in the road in question, the verdict was unauthorized.

DECIDED FEBRUARY 7, 1911.

Certiorari; from Paulding superior court—Judge Edwards. June 9, 1910.

This was a proceeding under the Civil Code of 1895, § 4760, to abate a nuisance alleged to have been caused by the obstructing of a private way. The verdict was against the defendant.

*F. M. Richards,* for plaintiff in error.

*C. D. McGregor, H. W. Nalley,* contra.

RUSSELL, J. We deem it unnecessary to discuss the exceptions alleging that section 4760 of the Civil Code of 1895 is unconstitutional, or the assignment that the evidence shows that the road was more than fifteen feet wide, or that the road had been changed within seven years. We think the judge erred in overruling the certiorari, because the verdict was not supported by the evidence. The only thing that was shown as related to the defendant's obstructing the road was by one witness, who testified that she saw some trash or litter in the road. None of the other witnesses ever saw any obstruction in the road about which complaint is made, and no one ever saw the defendant either preparing or placing any obstruction in the road, so that even if the road had not been abandoned, there is nothing to authorize the inference that the defendant did more than threaten that he would close up the road; and, of course, when the charge is made that one has obstructed a road, the fact must be proved, by either direct or circumstantial evidence. We do not think that the fact that the defendant threatened to close up the road, unless it was followed by evidence that he attempted, either alone or through the instrumentality of others, to close it, would authorize a verdict against him.

The certiorari should have been sustained.

*Judgment reversed.*